## LA TOUR v. HIBBLER.

1. CONTRACTS — BUILDING CONTRACT — DEFAULT — INJUNCTION — ISSUES.

A contractor, who is wrongfully excluded from the building by the owner, is entitled to recover any sum due him under the contract, if the issue is properly presented, in injunction proceedings by the owner to restrain him from interfering with her possession.

2. SAME — ASSIGNMENTS — CONDITIONAL JUDGMENT — PRACTICE — JUDGMENT.

But where the contractor failed to answer complainant's bill, and was defaulted, and defendant intervened as as-

signee of only a portion of the contractor's rights, and was awarded a decree under his cross-bill, the decree will be affirmed only on condition that complainant is released from all claims under the contract.

Appeal from Wayne; Mandell, J. Submitted June 14, 1915. (Docket No. 33.) Decided September 28, 1915.

Bill by Elizabeth La Tour against William H. Hibbler and another. William R. Greig intervened as assignee of defendants. Complainant died and suit was revived in the name of Lenore La Tour as administratrix. From a decree for defendant intervener, complainant appeals. Affirmed conditionally.

*Goodenough & Long,* for complainant.

*L. C. Stanley* (*Jerome Probst,* of counsel), for intervener Greig.

In the original bill complainant charged that she entered into a contract with William H. Hibbler, who agreed to furnish all of the materials and perform all of the labor for the construction of a double-veneer store and flats upon her premises and complete the same by August 15, 1910. If said Hibbler should at any time refuse or neglect to supply enough workmen and materials, or fail to prosecute the work promptly and diligently, or fail in performing any of the agreements, the owner (complainant) might, after three days' written notice to said Hibbler, provide such labor or materials and deduct the cost from any money due or to become due under the contract, and should be at liberty to terminate the employment of said contractor, enter upon the premises, take possession thereof for the purpose of completing the work, employ workmen, and furnish required materials. In such case said Hibbler was not entitled to receive further

payment until the work was finished, and then only so much as remained of the contract price after deducting the expense of completing the work. If such expense exceeded the unpaid portion of the contract price, then the contractor should pay the difference to the owner. Hibbler defaulted, was notified, and at the expiration of the period of notice, he still being in default, the complainant terminated the employment, took possession, and provided materials and workmen to finish the work, pursuant to the contract. Said Hibbler and Nicholas De Winter, a subcontractor under Hibbler, have combined and confederated to prevent complainant from finishing the work, have come upon the premises and ordered men employed by complainant to leave, locked doors and removed the keys, caused trouble and annoyance. She has ordered them to leave the premises and desist from intimidating her workmen, but they refuse, and threaten to continue their unlawful conduct. Complainant is erecting the store and building largely for the purpose of furnishing a store for her daughter in which to carry on the millinery business. She is prevented by its being incomplete, and she is fearful that said Hibbler and De Winter, who are insolvent, will prevent its completion and do injury to the premises unless restrained. A temporary and permanent injunction are prayed for. It is a sworn bill, filed September 27, 1910. A temporary injunction was granted and issued. Hibbler entered his appearance, but did not answer, and as to him the bill is taken as confessed. William R. Greig petitions the court for leave to intervene in the cause as a defendant, setting up that on or about August 30, 1910, he purchased from De Winter "all and singular the money due and to grow due upon the construction contract mentioned in said bill [being the contract of complainant and Hibbler] and to balance due to said De Winter on said La Tour job or construction, after

the payment of labor and materials entering into said defendant De Winter's work." He gave notice of the said assignment to complainant on or about August 30, 1910. He has by virtue of said assignment "a valid and subsisting claim and interest in and to the moneys due upon said construction contract either to said De Winter directly or to said Hibbler for his benefit." He has also by said assignment acquired the right of De Winter to receive pay for certain extras due to said De Winter. This petition was filed November 4, 1910. The order asked for was granted November 5, 1910. De Winter answered the bill November 22, 1910, and in his answer says he has assigned to Greig "all the balance whatever due or to grow due to this defendant on his said subcontract with the said Hibbler." He traverses material charges in the bill, saying that complainant was not justified in terminating the employment of Hibbler and in entering upon the premises. Denies confederating with Hibbler. Claiming the benefit of a cross-bill, he says that when the writ of injunction issued he had upon the premises certain property, which he describes and values at about $117. He asks for a decree for its value. For breach of the contract by complainant he asks a decree for damages, to be ascertained.

Answering the cross-bill, complainant says she, upon learning that defendant De Winter claimed to have left chattels and effects upon the premises, repeatedly requested him to get them and take them away, denies any breach of contract upon her part, and denies that she owes De Winter anything or ever had contractual relations with him. This answer was filed November 25, 1910. Greig filed an answer and cross-bill on May 23, 1911. He reaffirms the answer and cross-bill of De Winter, and alleges that when restrained by the order of the court De Winter had performed work and labor and furnished materials in and about the erection of

the said building of the reasonable value of $757.39, no part of which had ever been paid to him, under a contract made by him with said Hibbler, had performed certain extra work and labor, and furnished material at the express request of complainant of the value of $115. Said claims had been assigned to him by De Winter. Defendant had caused to be duly filed his lien as such assignee against the premises, claiming $882.39. In his cross-bill he states that from the facts "hereinbefore stated, and now reaffirmed, in this cross-bill," he is entitled to recover from complainant $757.39 and $125 for extras, and asks for a decree for these sums. He also prays that the court will allow him a lien upon the premises, sustaining this suit as a proceeding in chancery to enforce his lien under the statute. To this cross-bill complainant demurred, and an amended answer and cross-bill was filed by Greig. This on June 22, 1911. Demurrer appears to have been overruled, and the complainant answered the said cross-bill; her answer being verified and filed October 9, 1911. Later defendant Greig petitioned for leave to file a supplemental cross-bill, and this was granted with an order that the order *pro confesso* taken against said Hibbler be amended so as to exclude from its operation and effect the rights mentioned in an assignment executed by Hibbler to Greig, dated November 14, 1911. In the supplemental cross-bill Greig sets up that since the commencement of the suit said Hibbler has assigned to him "all claim and right of action against said complainant" based on the labor and material performed in connection with the masonry contract pertaining to the land and building mentioned in the original bill. As to his asserted mechanic's lien he states that the statement was filed in the office of the register of deeds November 8, 1910, and a copy served on the daughter and agent of the complainant, then and there living on the premises, November 18, 1910, and

proof filed. He prays for a decree that complainant pay him the sum due De Winter as asserted for a lien upon the premises "under the statutes of the State of Michigan in that behalf." To this supplemental cross-bill a demurrer was interposed by complainant. Later, the supplemental cross-bill was answered by complainant. The complainant died January 20, 1913, and Lenore La Tour, her daughter and administratrix with the will annexed, was substituted as complainant. At the October, 1913, term of the court the cause came on for hearing in open court, and a decree was entered awarding the intervener $487.50. The issues (1) the right of complainant to an injunction and (2) the validity of intervener's lien, were determined against the intervener. The third issue, namely, the right of intervener to have a personal decree against complainant on account of the claim assigned to him by Hibbler, was determined as is above stated. The temporary injunction was continued and was made permanent by the final decree. The cross-bill of Greig, as assignee of De Winter, praying for a foreclosure of his alleged lien, was dismissed, the lien held to be invalid, and discharged. Complainant has appealed, and in this court contends that Greig should not have been permitted to intervene; that the supplemental cross-bill was not germane to the bill of complaint and should have been dismissed; that the assignment from Hibbler to Greig purports to assign only the amount to come due for the masonry portion of the contract, an amount not susceptible of determination, hence no recovery can be had upon it. It is contended, too, that in fact the complainant's loss through faulty workmanship and materials more than offsets the balance claimed by intervener.

OSTRANDER, J. (_after stating the facts_). If Hibbler had answered the original bill so as to present the

issues, *first,* that complainant had wrongfully inter-
fered with his performance of the contract, and her
conduct was responsible for his apparent default,
*second,* that he had filed a mechanic's lien, and that it
ought to be enforced in this proceeding, and, *third,*
that the job was nearly completed when he was ex-
cluded and when completed by complainant it would
appear that there was a balance due to him, and the
court had decided these issues, excepting only the last,
adversely to him, and the last in his favor, there could
be, I think, no question about the propriety of award-
ing him a judgment for any sum found due to him.
Hibbler did not answer, and Greig, his assignee, was
admitted to answer for him. If his answer had pre-
sented the issues above indicated, then, even assuming
there is grave question about his right to intervene,
the decree would not be reversed. All interested
parties would be concluded. As mere matter of ad-
ministration of the law, the decree in this court would
be affirmed, unless, as is claimed, it is too large. The
trouble is that Greig represents the right of Hibbler
with respect only to the masonry contract—the De
Winter subcontract. He has from Hibbler an assign-
ment only of his claim, demand, and right of action
"so far as pertains to labor and material to be supplied
by me for the masonry portion of my contract," and
the extras. There was no masonry portion of his con-
tract. His contract is single. The structure is to be
erected for a certain sum of money.

Counsel for appellee say:

"Hibbler and De Winter were parties defendant to
complainant's bill of complaint, and both testified in
the case on behalf of cross-complainant. Neither of
these persons is making any claim to any part of this
money or against complainant for any money what-
ever. They both concede that the money has been as-
signed to Greig and should be paid to him, as decreed
by the court."

The place where this concession may be found is not indicated, and I have not found it. What appears is that upon complainant's showing there remained unexpended of the contract price, when the building was completed, the sum of $609.76. Greig's demand exceeded this sum. The court rendered a decree in his favor for $487.50. Why for this sum does not appear. Complainant claims that the work of Hibbler was inferior, and not according to the contract. Testimony introduced by her is to the effect that to make the building conform to specifications will cost more than $1,200. What the court found with regard to the claim for extras does not appear.

The reasons which would support affirmance of the decree, if it appeared that Hibbler's entire demand was involved, are reasons for reversing it and dismissing the cross-bill of Greig if it is not involved and settled, and all parties in interest concluded, by the decree. The record does not furnish to complainant a sufficient release of Hibbler's possible demands, nor afford her security from possible further litigation.

If Hibbler is of the disposition indicated in the brief for appellee, and will either give satisfactory assurances to appellant, or will, giving notice, make and file with the clerk of this court a release and satisfaction of all demands and claims whatever growing out of the contract and its performance, the decree may be affirmed. In such event the appellant will recover from Greig, appellee, the costs of this appeal. If no release is given within 20 days after the entry of decree in this court, the decree below will be reversed, and the cross-bill of Greig dismissed, with costs of both courts to appellant.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.